After a District Court jury trial, the defendant was convicted of negligent operation of a motor vehicle, G. L. c. 90, § 24(2)(a ).[2] On appeal, the defendant claims (1) the evidence was insufficient to sustain his conviction, and (2) testimony from his expert witness was improperly excluded. We affirm.
1. Sufficiency. In reviewing the judge's denial of the defendant's motion for a required finding of not guilty, we consider whether, "viewing the evidence in a light most favorable to the Commonwealth, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (emphasis in original)." Commonwealth v. Cohen (No. 1), 456 Mass. 94, 120 (2010), quoting from Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Here, the Commonwealth was required to "prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). See G. L. c. 90, § 24(2)(a ). The defendant contends that the Commonwealth's evidence was insufficient on the third element. We disagree.
There was evidence that the defendant failed to negotiate a ninety-degree turn due to going "a little too fast," causing his vehicle to go "up on two wheels," leave the road, and travel fifty to sixty feet down a steep, wooded embankment before crashing to a stop. The accident occurred at the intersection of two "very commonly used roads" in an area where there were multiple commercial and residential buildings. Moreover, there was "evidence ... that the defendant was under the influence of alcohol to such an extent that [his] physical condition was impaired during the field sobriety tests" that followed the accident.[3] Ross, supra at 380. It is immaterial that there was no evidence of pedestrians or vehicles traveling nearby at the time of the accident, as the statute "only requires proof that the lives or safety of the public might be endangered, not that they are endangered." Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 923 (2004). Viewing all of this evidence in the light most favorable to the Commonwealth, a rational juror could have found that the defendant's operation of his vehicle was negligent and dangerous to the public.
2. Expert testimony. The defendant filed a motion in limine seeking to question his expert witness on "certain investigatory acts not performed regarding the motor vehicle accident." The proffered expert was a former State trooper trained in accident reconstruction. The judge denied the motion because the defendant was "not offering [the expert] as a reconstructionist," but rather because he had "looked at photographs [of the accident] and would opine that it would be inconclusive for the police to charge [the defendant] with negligent operation or conclude that he was negligent." The defendant claims that the judge committed error in denying the motion. We disagree.
The "proper subject of expert testimony has focused increasingly on whether, in the wide discretion of the trial judge, the subject was one on which the opinion of an expert would have been of assistance to the jury without undue prolongation of the trial and undue exploration of collateral matters." Commonwealth v. Gregory, 17 Mass. App. Ct. 651, 654 (1984). In determining the admissibility of proffered expert testimony, judges should "focus the analysis on whether the evidence is explanatory." Commonwealth v. Bienvenu, 63 Mass. App. Ct. 632, 636 (2005) (quotation omitted). In the circumstances here, where the expert accident reconstructionist was offered not to reconstruct the accident, but to opine on the Commonwealth's charging decision, we discern nothing explanatory in the proffered opinion. The judge acted within her discretion.
Judgment affirmed.

The jury acquitted the defendant of operating while under the influence of liquor, G. L. c. 90, § 24(1)(a )(1).

The fact that the jury acquitted the defendant of operating while under the influence of liquor did not "preclude their consideration of the evidence of intoxication in considering the negligent operation charge." Ross, supra at 380.